## The People of the State of Illinois, Defendant in Error, v. John Shook, Plaintiff in Error.

### Gen. No. 5,629.

1. DRAMSHOPS—*when count of information not quashed.* A count of an information charging sales of liquor in anti-saloon territory, which alleges sales in a "certain room on the first floor" of certain premises, should not be quashed for lack of sufficient description, where there is nothing in the information to show that there is more than one room on the first floor.

2. DRAMSHOPS—*sufficiency of information.* A count of an information cannot be quashed on the ground that alleged sales of liquor in anti-saloon territory were made in the defendant's residence, and that the residence cannot be abated, where the information does not show that the place was his residence.

3. DRAMSHOPS—*what places may be abated.* It would not seem that abatement of a place, where liquor is sold in violation of the Anti-Saloon Act, is prevented by the fact that such place is the defendant's residence.

4. CRIMINAL LAW—*bill of exceptions.* A purported bill of exceptions should be disregarded where the words "and bill of exceptions" in the clerk's certificate to the record are struck out, and the purported bill of exceptions following is not certified as an original or a true copy by the clerk, and where, if it is the original, it is not properly in the record without an agreement by the opposing counsel.

Prosecution for violation of Anti-Saloon Territory Act. Appeal from the County Court of Warren county; the Hon. L. E. MURPHY, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed June 27, 1912.

C. A. McLAUGHLIN and OSCAR CARLSTROM, for plaintiff in error.

GEORGE C. HILLYER and J. W. CLENDENIN, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The state's attorney of Warren county filed in the County Court an information charging John Shook with violations of the act concerning anti-saloon territory. The defendant moved to quash the information and that motion was overruled. He then pleaded not guilty, and was tried and convicted under the first and seventh counts. The first count charged that he unlawfully sold intoxicating liquor in the town of Monmouth, while it was anti-saloon territory; and under that count there was a judgment that he be fined $100 and confined in the county jail twenty days. ·The seventh count charged that he was the keeper of a place described as "a certain room on the first floor of the premises located at 921 South Main Street" in Monmouth, where intoxicating liquor was unlawfully sold while said town was anti-saloon territory, and that he did unlawfully sell intoxicating liquor there in violation of said act, and did then and there keep a common nuisance; and under that count there was a judgment that he be fined $100 and be confined in the county jail thirty days after the expiration of the confinement under the first count, and that said place, to-wit, "a certain room on the first floor of the premises located at 921 South Main Street" in the town of Monmouth, be closed by the sheriff of Warren County and be abated until said Shook give bond in the sum of $1,000, conditioned according to law, with security to be approved by the court. There was a further judgment that Shook pay the costs of the prosecution and that the People have execution for the fine and costs and that Shook stand committed to the county jail till fines and costs are

paid.   Thereupon Shook gave the bond required by said judgment and it was approved and a further order was entered directing the sheriff not to close said place. Shook brings this case here upon a writ of error to review said judgment.

It is contended that the court should have quashed the seventh count for lack of a sufficient description of the place, and that the sheriff could not know from the judgment which room on the first floor of the building described he should close.   There is nothing in the information to show that there is more than one room on the first floor.   It is contended that 921 South Main street is the residence of defendant and that it could not be abated under the law.   We see no reason why the fact that this was Shook's residence should prevent the place from being abated if it was kept contrary to the provisions of the anti-saloon act, which authorizes abatement of the place.   But the information does not show that this was his residence, and therefore the count could not be quashed on that ground. There was no motion in arrest of judgment.

Plaintiff in error complains of the rulings of the court upon the evidence and the instructions.   Defendant in error insists that there is no such transcript and certificate as the law requires and that therefore these matters cannot be considered.   The record contains the information, warrant and return, and the record of the proceedings of the court kept by the clerk, including the judgment, to which is attached the certificate of the clerk that "the foregoing" is a complete transcript of the proceedings, pleading, orders and judgment of the court in this case, wherein the People are plaintiff and John Shook is defendant.   In the certificate, as prepared, was also included "and bill of exceptions," and said words are stricken out.   Thereafter follows an assignment of error, not signed by any one.   After that comes what purports to be a bill of exceptions, containing evidence, exhibits, instructions, a motion for a new trial, points in support thereof, a denial of said

motion and an exception thereto, a certificate purporting to be by an official reporter, and a certificate purporting to be by the trial judge. There is no certificate by the clerk of the court that this is a true copy or the original of the bill of exceptions filed in said cause, and, if it is the original, it could not be incorporated in the record without an agreement by counsel for the opposing parties, and there is no such agreement. It is clear that the clerk, by striking out the words "the bill of exceptions" from his prepared certificate, expressly refused to certify to this bill of exceptions. Apparently a record of everything but the bill of exceptions was prepared and certified and errors assigned thereon, and afterwards plaintiff in error caused something to be attached thereto, having the form of a bill of exceptions and upon the contents of which he seeks to reverse these judgments. We regard it as our duty to disregard this supposed bill of exceptions, and it follows that the judgments must be affirmed. We deem it, however, proper to say that the proofs under the first count related to sales of liquor at Shook's place of business at 111 South First street and that the proofs under the seventh related to sales of liquor at his residence at 921 South Main street, and that the proof showed that these places were in anti-saloon territory, and that shortly prior to the sales shown by the evidence Shook paid a special tax to the United States Government for each of said places as a retail liquor dealer and had received the internal revenue special tax receipt for each place, made *prima facie* evidence of guilt by section 17 of the anti-saloon territory act, and that, even if there were some technical errors shown by said bill of exceptions, yet there can be no reasonable doubt under the evidence that he had violated the law at both places. It is not reasonable to suppose that he acquired and paid for these special licenses merely for the pleasure of their possession.

The judgment is therefore affirmed.

*Affirmed.*